# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KOHL'S, INC.,<br><br>　　　　　　Defendant. | Case No. ED CV 22-0301 FMO (SPx)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

　　　　Pursuant to the Court's Order of April 21, 2023, the court granted Kohl's Inc.'s ("defendant") Motion to Strike First Amended Complaint, (Dkt. 34), and plaintiff was ordered to "file a First Amended Complaint no later than May 5, 2023." (Dkt. 37, Court's Order of April 21, 2023, at 1) (emphasis removed). The court cautioned plaintiff that "failure to file a First Amended Complaint by the deadline [] shall result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order." (Id.). As of the filing date of this Order, plaintiff has not filed a first amended complaint or otherwise responded to the Court's Order of April 21, 2023. (See, generally, Dkt.).

　　　　A district court's authority to dismiss a litigant's claims for failure to prosecute or to comply with court orders is well-established. See Fed. R. Civ. P. 41(b);[1] Link v. Wabash R.R. Co., 370

---

[1] All "Rule" citations refer to the Federal Rules of Civil Procedure.

U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992), cert. denied, 506 U.S. 915 (1992). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link, 370 U.S. at 629-30, 82 S.Ct at 1388.

A district court may dismiss an action pursuant to Rule 41(b) when the plaintiff fails to amend the complaint or file a notice of intent not to amend the complaint.[2] See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (reversing dismissal of action when plaintiff timely filed a notice of intent not to amend); Yourish v. California Amplifier, 191 F.3d 983, 989 (9th Cir. 1999) (affirming dismissal for failure to file an amended complaint or notice of intent); Ferdik, 963 F.2d at 1261 (same). In other words, "[t]he failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal."[3] Edwards, 356 F.3d at 1065 ("[A] threatened Rule 12(b)(6) dismissal [] ferment[s] into a Rule 41(b) dismissal only upon a plaintiff's inaction") (emphasis in original). Here, plaintiff has filed neither an amended complaint, nor a notice of intent not to amend the complaint. (See, generally, Dkt.).

In determining whether to dismiss the instant action pursuant to Rule 41(b), the court

---

[2] In addition, a litigant's "[f]ailure to follow a district court's local rules is a proper ground for dismissal" for failure to prosecute. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.) (per curiam), cert. denied, 516 U.S. 838 (1995) (holding that where the plaintiff failed to file an opposition to a motion to dismiss, the district court did not abuse its discretion in dismissing the action pursuant to a local rule stating that a party's failure to file an opposition "shall constitute a consent to the granting of the motion").

[3] The requirement that plaintiff amend the complaint or file a notice of intent is not "merely formal." Edwards, 356 F.3d at 1065. Absent the filing of a notice of intent not to amend, the appellate court lacks jurisdiction to hear the appeal. WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1135 (9th Cir. 1997) (en banc) ("Unless a plaintiff files in writing a notice of intent not to file an amended complaint, such dismissal order is not an appealable final decision."). Further, the Ninth Circuit "review[s] a Rule 41(b) dismissal only for abuse of discretion in applying the five factors [] which pertain to the propriety of the sanction, not to the merits of the underlying question (such as whether a complaint states a claim)." Edwards, 356 F.3d at 1065.

considers the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and [the Ninth Circuit] may review the record independently to determine if the district court has abused its discretion." Ferdik, 963 F.2d at 1261.

The first factor, the public's interest in the expeditious resolution of litigation, "always favors dismissal." Pagtalunan, 291 F.3d at 642; Yourish, 191 F.3d at 990 ("Given the district court's superior position in evaluating the public interest in expeditious resolution of a particular case, [] this factor strongly favors dismissal."); see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1234 (9th Cir. 2006) ("[D]ismissal serves the public interest in expeditious resolution of litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt, thereby allowing the plaintiff, rather than the court, to control the pace of the docket.").

The second factor, the court's need to manage its docket, also favors dismissal. See Pagtalunan, 291 F.3d at 642 (holding that this factor weighed in favor of dismissal where the petition "consumed some of the court's time that could have been devoted to other cases on the docket"); Edwards, 356 F.3d at 1065 (noting that where a plaintiff does not act, "resources continue to be consumed by a case sitting idly on the court's docket"). Here, plaintiff's "failure to amend ha[s] caused the action to come to a complete halt and ha[s] allowed the Plaintiff[] to control the pace of the docket rather than the Court." Yourish, 191 F.3d at 990 (internal quotation marks omitted).

The third factor, prejudice to defendant, also favors dismissal. In the absence of a showing to the contrary, prejudice to a defendant is presumed from unreasonable delay. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("This rebuttable presumption of prejudice refutes . . . [the] contention that delay alone, regardless of actual prejudice, does not necessitate a dismissal for

failure to prosecute.") (internal quotation marks omitted); Henderson v. Duncan, 779 F.2d 1421, 1425 (9th Cir. 1986) ("[A]lthough no specific showing of prejudice to defendants is made, the integrity of the district court is involved."). Here, the court granted plaintiff leave to file an amended complaint, (see Dkt. 32, Court's Order of March 13, 2023, at 3), and recently gave plaintiff one more opportunity to file an amended complaint. (See Dkt. 37, Court's Order of April 21, 2023). Despite these accommodations, plaintiff failed to file a first amended complaint or notice of intent not to amend, (see, generally, Dkt.), which has prevented the court from moving the case forward.

The fourth factor, the availability of less drastic sanctions, also favors dismissal. "[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement." Ferdik, 963 F.2d at 1262 (internal quotation marks omitted). Here, considering the multiple opportunities that the court provided plaintiff to enable him to prosecute the action, (see Dkt. 32, Court's Order of March 13, 2023); (Dkt. 37, Court's Order of April 21, 2023), and given that the case has been at a standstill, the court is persuaded that dismissing the action is the most appropriate sanction. Anderson v. Air West, Inc., 542 F.2d 522, 525 (9th Cir. 1976) ("There is no requirement that every single alternate remedy be examined by the court before the sanction of dismissal is appropriate. The reasonable exploration of possible and meaningful alternatives is all that is required.").

The fifth factor, the public policy favoring disposition of claims on their merits, weighs against dismissal. See Pagtalunan, 291 F.3d at 643. However, despite the policy favoring disposition on the merits, it remains plaintiff's responsibility to prosecute and move the case towards a final disposition. See In re Eisen, 31 F.3d at 1454 (litigant has a responsibility "to move towards [a] disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."). Plaintiff has not fulfilled that responsibility here.

The five-factor test for dismissal under Rule 41(b) is a disjunctive balancing test, so not all five factors must support dismissal for the court to grant defendant's Motion. See Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998), cert. denied, 526 U.S. 1064 (1999) (noting that the five-factor test "amounts to a way for a district judge to think about what to do, not a series of conditions precedent" to dismissal); Hernandez v. City of El Monte, 138 F.3d 393, 399

(9th Cir. 1998) (the Ninth Circuit "may affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal.") (internal quotation marks and citations omitted).  Here, four of the five factors support dismissal of the action.  Thus, the remaining question is whether the dismissal should be with or without prejudice.  See Fed. R. Civ. P. 41(b); see Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996); Yourish, 191 F.3d at 992 ("[A]llowing the plaintiff to replead is [] a less drastic alternative to dismissal [with prejudice] once [plaintiff] has [] disobeyed a court order").  Under the circumstances, the court finds that the case should be dismissed without prejudice.

Based on the foregoing, IT IS ORDERED THAT the above-captioned case is dismissed without prejudice.  Judgment shall be entered accordingly.

Dated this 17th day of May, 2023.

/s/
Fernando M. Olguin
United States District Judge